In the Matter of the Claim of JOHN W. VEIT, Respondent, against BUSH TERMINAL BUILDING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer from a decision and award of the Workmen's Compensation Board in favor of claimant. The board has found that, while in the course of his employment in November and December, 1945, due to exposure to extreme freezing and subzero weather and working in snow and ice, lack of proper facilities and not eating properly, claimant sustained accidental injuries in the nature of loss of weight, frostbite of both feet, diabetes mellitus, with amputation of the right great toe, and that the late filing of the claim was waived by the employer by reason of advance payments of compensation. Appellants contend here that there was no substantial credible evidence to support a finding of accident and that there is a lack of evidence to support the finding of advance payment of compensation. The claim in question was dated November 22, 1949, approximately four years after the alleged accident. The finding of advance payments of compensation is predicated on two incidents. At his request, claimant was given two hours on March 15, 1946, to see a doctor, but was paid for that time. Also at his request, his paid vacation time, usually had in the fall, was moved forward to March 31, 1946, during which time he went to a hospital for a checkup. There is some evidence that in March, 1946, claimant told his foreman that he had lost weight and was having foot trouble. The hospital record incident to his admission on March 31, 1946, gives a history of claimant's observance in August, 1945, that he was losing weight to the extent of about twenty pounds. It appears that claimant himself did not know that his condition might be related to a compensable incident until after he had left the hospital in April. His attending physician testified that he told claimant, after the hospitalization in April, 1946, that he should do something about his trouble from the " compensation angle " but that claimant refused. Claimant himself testified that he did not want to bother about compensation. The record does not contain substantial evidence that the employer had any knowledge of any claim of the alleged accident when claimant was permitted time off and allowed to have his vacation period advanced. Under the circumstances, employer cannot be deemed to have made advance payments of compensation in such a manner as to have waived the provisions of section 28 of Workmen's Compensation Law. Decision and award reversed and matter remitted to the Workmen's Compensation Board for further consideration, with costs to the appellants. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.